# EXHIBIT 1

FILED IN MY OFFICE WAYNE COUNTY CLERK 5/22/2025 3:35 PM Cathy M. Garrett Yolanda Payne

JM MARKO LAW P: (313) 777-7LAW F: (313) 771-5785 220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226 MARKOLAW.COM

**STATE OF MICHIGAN**
**WAYNE COUNTY CIRCUIT COURT**

BRIAN CARPENTER and
KRISTINA CARPENTER,

Plaintiffs,

Case No: 25- -NO
Hon.

v.

TEXTRON INC., a Rhode Island Corporation,
SAFEAERO I TRELLEBORG, a Swedish Corporation,
DELTA AIR LINES INC, a Georgia Corporation,
DAIFUKU AIRPORT AMERICA CORPORATION, a Delaware Corporation, and WAYNE COUNTY AIRPORT AUTHORITY,

Defendants.

---

TYLER M. JOSEPH (P80934)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiffs
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 470-2011
tyler@markolaw.com
cassie@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

MARKO LAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

# PLAINTIFFS' COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiffs, BRIAN and KRISTINA CARPENTER, by and through their attorneys, MARKO LAW, PLLC, and for their Complaint against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper because the amount in controversy exceeds this Court's jurisdictional limit, not including litigation costs, interests, and attorney fees.

2. Venue is proper because the incidents, transactions, and occurrences giving rise to this action took place in the County of Wayne, State of Michigan and Defendants conduct regular and systematic business in the County of Wayne.

## PARTIES

3. Plaintiff, BRIAN CARPENTER, is a man residing in the City of Southgate, County of Wayne, State of Michigan.

4. Plaintiff KRISTINA CARPENTER, is a woman residing in the City of Southgate, County of Wayne, State of Michigan.

5. Defendant, TEXTRON INC. (hereinafter referred to as "TEXTRON"), is a Rhode Island for-profit corporation which systematically operates and conducts business in the County of Wayne, State of Michigan and whose products have been put into the stream of commerce and are sold and used within Wayne County, State of Michigan.

6. Defendant, SAFEAERO I TRELLEBORG (hereinafter referred to as "SAFEAERO") is a Swedish for-profit corporation which systematically operates and conducts business in the County of Wayne, State of Michigan and whose products have

2

PLAINTIFFS' COMPLAINT FOR DAMAGES

*Carpenter v. Textron Inc, et al*
Case No.: 25- -NO

Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

been put into the stream of commerce and are sold and used within Wayne County, State of Michigan.

7. Defendant, DELTA AIR LINES INC. (hereinafter referred to as "DELTA") is a Georgia for-profit corporation that systematically operates and conducts business in the County of Wayne, State of Michigan.

8. Defendant, DAIFUKU AIRPORT AMERICA CORPORATION (hereinafter referred to as "DAIFUKU") is a Delaware for-profit corporation that systematically operates and conducts business in the County of Wayne, State of Michigan.

9. Defendant, WAYNE COUNTY AIRPORT AUTHORITY (hereinafter referred to as "WCAA"), is a Michigan governmental entity located in the County of Wayne, State of Michigan and which systematically operates and conducts business in the County of Wayne, State of Michigan.

## STATEMENT OF FACTS

10. Plaintiffs, by reference, incorporate the preceding paragraphs of this Complaint as though fully set forth herein.

11. On or around November 22, 2024, Plaintiff, BRIAN CARPENTER, was within the course and scope of his employment with Defendant, DAIFUKU, working on Defendant, WCAA's, property when a de-icing truck malfunctioned and threw him from the cab.

12. Plaintiff, BRIAN CARPENTER, sustained severe and permanent injuries to his mouth, face, head, neck, and spine.

MARKO LAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

13. Upon information and belief, the subject de-icing truck was produced, designed, and manufactured by Defendants, AEROSAFE and TEXTRON.

14. Upon information and belief, the subject de-icing truck was maintained by Defendants, DELTA, DAIFUKU, and WCAA.

15. As a direct and proximate result of Defendants' actions or inactions, the subject de-icing truck malfunctioned causing Plaintiff, BRIAN CARPENTER, to be thrown from the cab and strike his face, mouth, head, neck and back on the concrete.

**COUNT I – NEGLIGENCE / GROSS NEGLIGENCE**
(*As to all Defendants*)

16. Plaintiffs, by reference, incorporate the preceding paragraphs of this Complaint as though fully set forth herein.

17. Defendants owed certain duties to Plaintiff, BRIAN CARPENTER, to act in a safe and prudent manner, and to provide proper and adequate service and/or repairs to the vehicles they serviced.

18. Defendants breached the above duties in at least one or more of the following particulars, so far as it is presently known:

a. Failure to properly maintenance the de-icing truck;

b. Failure to properly service the de-icing truck;

c. Failure to properly repair the de-icing truck;

d. Failure to properly manufacturer, modify, or test the de-icing truck;

e. Failure to warn Plaintiff regarding any faults, defects, or dangerous conditions of the de-icing truck;

MARKO LAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

f. Failure to stop and/or prevent the de-icing truck from being driven by Plaintiff;

g. Putting Plaintiff in a dangerous situation;

h. Creating a dangerous environment for Plaintiff;

i. Exposing Plaintiff to harm;

j. All other acts of negligence learned through the course of discovery.

19. All Defendants are liable for their actions and/or inactions carried out in the service, maintenance, alteration, and/or repair of the subject de-icing truck.

20. As a direct and proximate result of all Defendants negligence and/or gross negligence, Plaintiff was seriously and permanently injured.

21. As a direct and proximate result of all Defendants negligence and/or gross negligence, Plaintiffs suffered severe damages and will continue to suffer damages into the future.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court award damages in his favor and against all Defendants in an amount that will fully and fairly compensate him for his damages; for costs of this action; for pre and post judgement interest; for attorney fees; and for all other proper relief.

**COUNT II – NEGLIGENCE / GROSS NEGLIGENCE**
(*As to Defendants Daifuku, Delta, and WCAA*)

22. Plaintiffs, by reference, incorporate the preceding paragraphs of this Complaint as though fully set forth herein.

MARKO LAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

23. Defendants DAIFUKU, DELTA, and WCAA were responsible for and expected to properly service, maintain, and/or repair the subject de-icing truck prior to the aforementioned incident.

24. The subject de-icing truck was defective, faulty, damaged and/or hazardous at the time Plaintiff, BRIAN CARPENTER, used the de-icing truck on or about November 22, 2024.

25. Defendants DAIFUKU, DELTA, and WCAA had actual knowledge of the defects, faults, damage, and/or hazards of the subject de-icing truck and of the substantial likelihood that said defects, faults, damage, and/or hazards would cause Plaintiff injuries.

26. Defendants DAIFUKU, DELTA, and WCAA willfully disregarded that knowledge.

27. Defendants DAIFUKU, DELTA, and WCAA should have known of the defects, faults, damage, and/or hazards of the subject de-icing truck and of the substantial likelihood that said defects, faults, damage, and/or hazards would cause Plaintiff injuries.

28. Defendants DAIFUKU, DELTA, and WCAA negligently maintained, serviced, and/or repaired the subject de-icing truck and showed a callous disregard for the services it should have properly performed on the subject de-icing truck.

29. As a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of Defendants DAIFUKU, DELTA, and WCAA and their actual knowledge, Plaintiff, BRIAN CARPENTER suffered severe and life altering injuries.

30. As a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of Defendants DAIFUKU, DELTA, and WCAA and their actual

MARKO LAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

knowledge, Plaintiff suffered severe damages and will continue to suffer damages into the future.

**WHEREFORE**, Plaintiffs prays for judgment against Defendants in an amount that will fully and fairly compensate them for their damages; for costs of this action; for pre- and post-judgment interest; attorney fees; and for all other just and proper relief.

**COUNT III – NEGLIGENT PRODUCTION**

(*As to Defendants Safeaero and Textron*)

31. Plaintiffs restate and re-allege the forgoing as if fully set forth herein.

32. Defendants SAFEAERO and TEXTRON owed a duty to Plaintiff, BRIAN CARPENTER, to place a reasonably safe de-icing truck into the stream of commerce free of defects.

33. Defendants SAFEAERO and TEXTRON negligently designed, tested, approved, manufactured, and "produced" the subject de-icing truck in that it failed to exercise reasonable care to prevent the subject de-icing truck from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner in one or more of the following ways:

a. By "producing", assembling, specifying, designing and/or manufacturing a de-icing truck that contained manufacturing, installation, assembly, design and/or "production" defects that caused the subject de-icing truck to cause injury.

MARKO LAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

7

PLAINTIFFS' COMPLAINT FOR DAMAGES

*Carpenter v. Textron Inc, et al*
Case No.: 25- -NO

Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

b. By negligently failing to adequately test and failing to use adequate quality control procedures to alert it to manufacturing and or "production" defects in the de-icing truck.

c. Other acts of negligence that may become known through the course of discovery.

34. Defendants SAFEAERO and TEXTRON expected the subject de-icing truck to reach and it did reach the consumer without substantial change to the condition in which Defendants produced and sold it.

35. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of the Defendants, SAFEAERO and TEXTRON, Plaintiff, BRIAN CARPENTER sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system, and mental anguish.

**WHEREFORE** Plaintiffs pray for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of this Court's jurisdictional requirements against Defendants SAFEAERO and TEXTRON. Additionally, Plaintiffs ask for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief as the Court deems appropriate

**COUNT IV – BREACH OF IMPLIED WARRANTY**
(*As to Defendants Safeaero and Textron*)

36. Plaintiff restates the above paragraphs as if fully set forth herein.

37. Defendants, SAFEAERO and TEXTRON, knew or had reason to know the particular purposes for which the subject de-icing truck was to be used and that purchasers

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
JM MARKO LAW

and users such as Plaintiff, BRIAN CARPENTER, would rely on Defendants' skill or judgment in designing, testing, manufacturing, installing and/or furnishing goods suitable for such purposes and uses.

38. The subject de-icing was not fit for the particular purposes for which it was intended and for which it was used.

39. The defective condition of the subject de-icing constitutes a breach by Defendants, SAFEAERO and TEXTRON, of express or implied warranties, rendering them liable for the injuries sustained by the Plaintiff, BRIAN CARPENTER.

40. That as a direct and proximate consequence of the breach of implied warranty by Defendants, SAFEAERO and TEXTRON, Plaintiff sustained severe injuries, pain and suffering, emotional distress.

WHEREFORE Plaintiffs pray for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of this Court's jurisdictional requirements against Defendants, SAFEAERO and TEXTRON. Additionally, Plaintiffs asks for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief as the Court deems appropriate

**COUNT V – BREACH OF EXPRESS WARRANTY**
(*As to Defendants Safeaero and Textron*)

41. Plaintiffs restate the above paragraphs as if fully set forth herein.

42. Defendants, SAFEAERO and TEXTRON, made representations and/or statements that the product was free from defect and/or fit for its intended purpose.

JM MARKOLAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

43. Defendants, SAFEAERO and TEXTRON, breached the express warranties provided to Plaintiff.

44. That as a direct and proximate consequence of the breach of express warranty by Defendants, SAFEAERO and TEXTRON, Plaintiff, BRIAN CARPENTER, sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system and mental anguish.

WHEREFORE Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of this Court's jurisdictional requirements against Defendants, SAFEAERO and TEXTRON. Additionally, Plaintiffs asks for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief as the Court deems appropriate.

**COUNT VI – GROSS NEGLIGENCE / ACTUAL KNOWLEDGE**
(*As to Defendants Safeaero and Textron*)

45. Plaintiffs restate the above paragraphs as if fully set forth herein.

46. The subject de-icing truck was defective at the time it was "produced".

47. Defendants, SAFEAERO and TEXTRON, had actual knowledge of the defect and of the substantial likelihood that the defect(s) would cause Plaintiff's injuries.

48. Defendants, SAFEAERO and TEXTRON, willfully disregarded that knowledge.

49. That as a direct and proximate consequence of the breach of express warranty by Defendants, SAFEAERO and TEXTRON, Plaintiff, BRIAN CARPENTER, sustained

MARKOLAW
P: (313) 777-7LAW
F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

severe injuries, pain and suffering, emotional distress, shock to the nervous system and mental anguish.

WHEREFORE Plaintiffs pray for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of this Court's jurisdictional requirements against Defendants, SAFEAERO and TEXTRON. Additionally, Plaintiffs asks for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief as the Court deems appropriate.

**COUNT VII – FAILURE TO WARN**
*(As to Defendants Safeaero and Textron)*

50. Plaintiffs restate the above paragraphs as if fully set forth herein.

51. Defendants, SAFEAERO and TEXTRON, knew of should have known of the risk of injury with respect to the foreseeable use and/or misuse of its product.

52. Defendants, SAFEAERO and TEXTRON, did not provide effective communication of adequate, accurate information essential to safe use of the product.

53. That as a direct and proximate consequence of the breach of express warranty by Defendants, SAFEAERO and TEXTRON, Plaintiff sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system and mental anguish.

WHEREFORE Plaintiffs pray for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of this Court's jurisdictional requirements against Defendants, SAFEAERO and TEXTRON. Additionally, Plaintiffs asks for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief as the Court deems appropriate.

MARKO LAW P: (313) 777-7LAW F: (313) 771-5785 220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226 MARKOLAW.COM

11
**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*Carpenter v. Textron Inc, et al*
Case No.: 25- -NO
Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

## COUNT VIII – INTENTIONAL TORT

*(As to Daifuku)*

54. Plaintiffs, by reference, incorporate the preceding paragraphs of this Complaint as though fully set forth herein.

55. At the time of the subject incident, Plaintiff was working within the course and scope of his employment with Defendant, DAIFUKU.

56. Defendant, DAIFUKU, had an obligation to properly maintain and service the subject de-icing trucks that its employees were using.

57. Defendant, DAIFUKU, had an obligation to warn Plaintiff, BRIAN CARPENTER, and others similarly situated, of potential hazards.

58. Defendant, DAIFUKU, knew that the subject de-icing truck was hazardous and failed to warn Plaintiff, BRIAN CARPENTER.

59. Defendant, DAIFUKU, knew that the subject de-icing truck, located at Defendant's WCAA's property, that was manufactured by Defendants, SAFEAERO and TEXTRON, were malfunctioning and still required the Plaintiff, BRIAN CARPENTER, to use the de-icing truck as part of his employment.

60. Defendant, DAIFUKU, had actual knowledge that an injury was certain to occur to Plaintiff, BRIAN CARPENTER, and willfully disregarded that knowledge.

61. As a direct and proximate result of Defendant, DAIFUKU's, actual knowledge of the hazard and its willful disregard of that hazard, Plaintiff was seriously and permanently injured.

MARKO LAW
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKOLAW.COM

12
PLAINTIFFS' COMPLAINT FOR DAMAGES
*Carpenter v. Textron Inc, et al*
Case No.: 25- -NO
Tyler Joseph, Esq.
Jonathan R. Marko, Esq.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court award damages in his favor and against Defendant, DAIFUKU, in an amount that will fully and fairly compensate him for his damages; for costs of this action; for pre and post judgement interest; for attorney fees; and for all other proper relief.

[*space left intentionally blank*]

**COUNT IX - LOSS OF SOCIETY & COMPANIONSHIP / CONSORTIUM**
(*As to Plaintiff Kristina Carpenter against all Defendants*)

62. Plaintiffs, by reference, incorporate the preceding paragraphs of this Complaint as though fully set forth herein.

63. Plaintiff, KRISTINA CARPENTER, is Plaintiff, BRIAN CARPENTER'S, wife.

64. As a result of Defendants' negligence and/or other conduct complained of, Plaintiff, KRISTINA CARPENTER, has a claim for loss of society and companionship, loss of consortium, and damage to the marital relationship.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court award damages in their favor and against all Defendants in an amount that will fully and fairly compensate them for their damages; for costs of this action; for pre and post judgement interest; for attorney fees; and for all other proper relief.

JM MARKO LAW P: (313) 777-7LAW F: (313) 771-5785 220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226 MARKOLAW.COM

## DAMAGES

65. Plaintiffs hereby restate and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66. That Plaintiff, BRIAN CARPENTER, suffered serious and permanent injuries which constitute serious impairment of important body functions that have affected his ability to lead his everyday normal life.

67. Plaintiffs sustained severe injuries and losses, some of which persist to this day, including but not limited to:

a. Serious impairment of a body function(s);

b. Pain and suffering, past, present, and future;

c. Emotional distress, past, present, and future;

d. Mental distress, past, present, and future;

e. Loss of vitality of life, past, present, and future;

f. Loss of living an everyday, normal life;

g. Extreme trauma;

h. Chronic pain;

i. Economic loss;

j. Permanent scarring;

k. Heightened sensitivity;

l. Hindered mobility;

m. Loss of consortium;

n. Loss of society and companionship;

MARKO LAW P: (313) 777-7LAW F: (313) 771-5785 220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226 MARKOLAW.COM

o. Damage to the marital relationship;

p. Humiliation and embarrassment;

q. Medical bills;

r. Exemplary damages;

s. Attorney fees and costs; *and*

t. All other damages allowed by law and to be discovered.

68. That Plaintiffs will continue to suffer other non-economic and economic losses.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants in an amount that will fully and fairly compensate them for their damages; for costs of this action; for pre- and post-judgment interest; attorney fees; and for all other just and proper relief.

Respectfully submitted:

MARKO LAW, PLLC

*/s/ Tyler M. Joseph*

TYLER M. JOSEPH (80934)
JONATHAN R. MARKO (P72450)
Attorney for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7529/F: (313) 470-2011
tyler@markolaw.com

Dated: May 22, 2025

MARKO LAW
P: (313) 777-7LAW F: (313) 771-5785
220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226
MARKOLAW.COM